**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Michael Dewayne Samuels, Jr., | ) | |
|                Plaintiff, | ) | C.A. No.: 1:15-3086-PMD-SVH |
| v. | ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) | |
|                Defendant. | ) | |

This matter comes before the Court on Plaintiff Michael Dewayne Samuels, Jr.'s objections to United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 21 & 18). The Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying Samuels' claim for social security benefits. For the reasons stated herein, the Court adopts the R & R and affirms the Commissioner's decision.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate

Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Samuels has raised one specific objection, which the Court addresses below. First, however, it notes that Samuels' primary objection merely restates the argument Samuels made before the Magistrate Judge. The Court summarily rejects that argument, as it is not a proper objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

The Court now turns to Samuels' sole cognizable objection. Samuels contends that the Magistrate Judge improperly considered only the evidence that supported the Administrative Law Judge's ("ALJ") decision. The Court sees no such impropriety. What Samuels describes as judicial cherry-picking is in reality a proper application of this Court's substantial-evidence scope of review. As another district judge put it:

> In a sense, it is the district court's job to "cherry-pick." The court must scour the record to determine whether there is substantial evidence to support the ALJ's findings. This process can seem like "cherry-picking." Yet, the fact that there are cherries to pick reveals that the ALJ's decision . . . is supported by "more than a mere scintilla of evidence."

*Starcher v. Colvin*, No. 1:12-01444, 2013 WL 5504494, at *6 (S.D. W. Va. Oct. 2, 2013) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

This Court recognizes that Samuels' contention is an extension of his argument that the ALJ improperly cherry-picked the record. Although it is true that ALJs may not selectively rely

2

on some evidence "to the exclusion of evidence favorable to the claimant," *Dowell v. Colvin*, No. 1:12CV1006, 2015 WL 1524767, at *4 (M.D.N.C. Apr. 2, 2015), the ALJ did not do that here. Rather, the ALJ's decision shows she carefully considered all the evidence in the record. Therefore, the Court rejects Samuels' cherry-picking argument. Having carefully reviewed the record and the R & R, the Court finds that the R & R accurately states the applicable law and facts. Accordingly, the Court adopts the R & R as its opinion.

## CONCLUSION

For the reasons given above, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the Commissioner's final decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

                                                                                                      _____
                                                                                                      PATRICK MICHAEL DUFFY
                                                                                                      United States District Judge

**June 1, 2016**
**Charleston, South Carolina**

3